### 19907.  HAWKINS *v.* THE STATE.

ARGUED NOVEMBER 12, 1957—DECIDED JANUARY 10, 1958.

*D. C. Campbell, Jr., H. G. Rawls*, for plaintiff in error.
*Maston O'Neal, Jr.*, Solicitor-General, *Frank S. Twitty, Eugene Cook*, Attorney-General, *Rubye G. Jackson*, contra.

ALMAND, Justice. Josh Hawkins, under an indictment charging him with murder by shooting one Julius Miller to death with a pistol, was on his trial found guilty with a recommendation to mercy and was sentenced to life imprisonment. His motion for new trial was denied, and he assigns error on this order.

The sole question for decision is whether the evidence is suf-

ficient to sustain the conviction—the contention of the defendant being that the conviction was based entirely on circumstantial evidence which was not sufficient to exclude every reasonable hypothesis except the guilt of the accused.

We have carefully reviewed the evidence, and are of the opinion that there is sufficient evidence to support the verdict. In substance, the evidence on behalf of the State discloses that, on the night of March 30, 1957, the defendant came to the home of Julius Miller, the deceased, when only Lorene Miller, the wife of the deceased, and two children were in the house, and requested her to come out of the house. She refused and asked him to leave " 'cause Julius [is] trying to catch me." The defendant replied: "The black son of a bitch, he come up here, I'll give him this," exhibiting "a big black pistol." Shortly thereafter at about 8 p. m., Lorene Miller heard two pistol shots, followed by her husband's voice calling: "Lorene, come to me. Josh done shot me." Lorene Miller and her 14-year-old son went out into the yard, where they found Julius Miller lying on the ground wounded, and in response to his son's question as to who shot him, he said, "Josh shot me." While Miller was being carried to the hospital and in the presence of the defendant's brother and several others, he again, in response to questions as to who shot him, stated that it was the defendant. Miller died about one hour after being shot from a bullet wound, which severed the subclavian artery under the left collarbone. The defendant introduced no evidence. In his statement, Hawkins denied owning a .38-caliber pistol or that he had anything to do with the shooting.

It is insisted that the declaration the deceased made to the effect that the defendant had shot him should be disregarded, in that it was impossible, because of the darkness of night and the physical surroundings, for the deceased to have identified the person who shot him. The weight, effect, reasonableness or unreasonableness of dying declarations are matters for the determination of the jury. *Stiles* v. *State*, 154 *Ga.* 86 (113 S. E. 208). "Where it was manifestly impossible that the deceased could have seen his assailant or known certainly who he was, a mere expression of opinion as to who he was is not admissible as a dying declaration; but where want of knowledge does not appear

either from the statement itself or from other evidence in the case, it must be presumed that the declarant stated a fact within his knowledge. In these circumstances it was a question for the jury whether the declaration represented the primary knowledge of the deceased or merely his opinion. Where the declaration by its terms, taken in connection with the circumstances, merely expresses the declarant's belief as to the identity of the guilty person, it should be excluded. If the declarant sees his assailant or assailants, and from appearances which he may describe he draws a conclusion as to his identity, it is admissible." *Strickland* v. *State*, 167 *Ga.* 452, 457 (145 S. E. 879).

The evidence does not show that it was impossible for the deceased to have seen the person who shot him, and it was a question of fact for the jury to determine whether the deceased had personal knowledge of his assailant's identity. *Bland* v. *State*, 210 *Ga.* 100 (6) (78 S. E. 2d 51).

The evidence fully supports the verdict, and it was not error to deny the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*